**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROSEBELLE VILLAHERMOSA CARTIN-ENARIO,

                        Plaintiff,

        - v -                                    Civ. No. 1:15-CV-0710
                                                          (GLS/DJS)
ALFRED CASTRO TECSON,

                        Defendants.

**APPEARANCES:**                                  **OF COUNSEL:**

OFFICE OF MARC A. ASCH               MARC A. ASCH, ESQ.
Attorney for Plaintiff
The Barrister Building
137 North Park Street, Suite 201B
Kalamazoo, MI 49007

LAW OFFICES OF JOHN HOWLEY        JOHN J.P. HOWLEY, ESQ.
Attorney for Defendant
350 Fifth Avenue, 59th Floor
New York, NY 10118

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

### I. FACTS

On June 9, 2015, Plaintiff filed a Complaint against her former attorney, Alfred Castro Tecson,Esq., for legal malpractice. Dkt. No. 1, Compl. The Complaint alleges, *inter alia*, that her former counsel failed to provide evidence to the United States Citizen and Immigration Services, and failed to advise Plaintiff to voluntarily depart from the United States and seek an H-1B Visa abroad to avoid the imposition of a multi-year bar under 8 U.S.C. § 1182(a)(9)(B)(i)(I). *Id.* at ¶¶ 6-49. After initial motion practice, a Rule 16 Scheduling Conference was held with the Court on

November 2, 2016. At that Conference the Court adopted the deadlines that had been proposed by the parties, Dkt. No. 21, and issued a Scheduling Order that called for discovery to be completed by March 1, 2017, Dkt. No. 22.

It appears that shortly after the Rule 16 Conference, Defendant's counsel served upon Plaintiff's counsel comprehensive and extensive discovery demands. In particular, on November 2, 2016, Plaintiff was served with interrogatories, discovery demands, and a notice to take Plaintiff's deposition. Dkt. No. 32-1, Decl. of John Howley, Esq., at ¶ 6 & Dkt. No. 32-2. The time period for complying with the discovery requests passed without any responses having been provided. Howley Decl. at ¶¶ 9-17. Defendant's counsel then embarked on a good-faith effort to obtain the necessary information without the need for Court intervention, including repeated phone calls, letters, and emails to Plaintiff's counsel, but despite assurances by Plaintiff's counsel, Marc Asch, Esq., that the discovery would be provided, it never was. *Id.*; *see also* Dkt. Nos. 32-3, 32-4, & 32-5.

On January 13, 2017, Defendant's counsel requested a pre-motion conference with the Court. Dkt. No. 26. A telephone conference was held on January 27, 2017. Plaintiff's counsel initially did not call into the conference, but was ultimately tracked down by my Court Room Deputy and did participate. During the telephone conference, Plaintiff's counsel conceded that all of the discovery was still outstanding, that he had been "missing in action," and that the delay was solely his fault, for which he apologized. The Court pressed Plaintiff's counsel with regard to his ability to comply with the Federal Rules and orders issued by the Court, and Mr. Asch assured the Court that he would be able to comply in the future. In light of the representations made at the conference, Plaintiff's counsel was granted an additional two weeks to provide complete responses to the outstanding discovery.

The two-week extension set by the Court was to expire on February 10, 2017. In the evening hours of that date, Plaintiff's counsel submitted a Letter-Request for a ten-day extension. Dkt. No. 29. As part of that request, and by way of explanation, Plaintiff's counsel cited his workload, the recent presidential election, family issues, and the weather. *Id.* The Court granted Plaintiff's request for an extension and permitted an additional fourteen days for a response, with a new deadline of February 24, 2017. At 10:00 p.m. on February 24, Plaintiff's counsel filed another request for an extension, this time for an additional five days, to provide the discovery, again citing his obligations in other cases. Dkt. No. 31. The Court granted that further extension, Dkt. No. 33, but the five-day period expired without the discovery having been provided. In fact, that discovery is still outstanding. Dkt. No. 34.

## II. THE PRESENT MOTION

Defendant's counsel has now moved, under Federal Rule of Civil Procedure 37, to compel the long overdue discovery. Dkt. No. 32. As part of the Motion, Defendant's counsel requested the following relief:

1. That the Court hold that any objections to the document requests and interrogatories be deemed waived.
2. That the Plaintiff be compelled to serve answers to interrogatories and to produce the requested documents within a time period to be set by the Court.
3. That the Court specifically warn Plaintiff that her failure to comply may result in dismissal of her Complaint.
4. That the Court preclude Plaintiff from relying upon any expert testimony.
5. That the Court award $2,520.00 in attorney's fees associated with preparing the Motion.

*Id.*

The Plaintiff has not responded in any manner to the present Motion to Compel.

## III. DISCUSSION

Based upon the history of the case as set forth above, Defendant is certainly entitled to a further Order from this Court directing a full and complete response to his outstanding discovery demands. Plaintiff is given thirty days from the date of this Decision and Order to comply with this Order. Because of the delay that has occurred to date, and the lack of any showing of good cause for that delay, Plaintiff has waived any objections to the discovery demands and interrogatories. *See e.g., XChange Telecom Corp. v. Sprint Spectrum L.P.*, 2015 WL 773752, at *8 (N.D.N.Y. Feb. 24, 2015). The Court **specifically warns the Plaintiff that her failure to properly respond to the outstanding discovery demands may, and likely will, result in further sanctions being imposed by the Court, which sanctions can include the dismissal of the Plaintiff's Complaint**.

With regard to Defendant's request to preclude experts, the Court notes that Plaintiff has not identified any experts,[1] the time period for the Plaintiff's disclosure of experts has expired, and no extension of that deadline has been requested by Plaintiff. *Cf. Earle v. H& M Hennes & Mauritz AB et al*, Civil Case No. 1:15-CV-1060, Dkt. No. 50, at pp. 8-10 (N.D.N.Y. Feb. 28, 2017) (denying extension for expert disclosure in response to specific request by plaintiff's counsel). Therefore, the Court need not address this particular relief sought.

Finally, the Court must reluctantly deal with the request for sanctions made by Defendant's counsel. All litigants have an obligation to comply with court orders, including discovery orders. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). In accordance with Federal Rule of Civil Procedure 37, a court has broad discretion in fashioning appropriate sanctions for discovery misconduct. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2d Cir.

---

[1] For a general discussion regarding the need for experts in a legal malpractice action under New York Law, *see In re Joseph DelGreco & Co., Inc., v. DLA Piper L.L.P.*, 535 F. App'x 31 (2d Cir. 2013).

2002); *see also Metro. Opera Ass'n., Inc. v. Local 100, Hotel Emps. and Rest. Emps. Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003) (citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d at 107); *Minotti v. Lensink*, 895 F.2d 100, 102-03 (2d. Cir. 1990) (stating that a reviewing court will overturn a district court's application of such sanctions only where there has been an abuse of discretion). As the Second Circuit noted in *Update Art, Inc. v. Modiin Publishing, Ltd.*, disciplinary sanctions under Rule 37 ensure that a party will not benefit from his or her failure to comply. 843 F.2d 67, 71 (2d Cir. 1988). Sanctions are "specific deterrents" imposed in order "to obtain compliance with the particular order issued," and "are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Id*. (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976) (*per curiam*) & *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)); *see also Metro. Opera Ass'n., Inc. v. Local 100, Hotel Emps. and Rest. Emps. Int'l Union*, 212 F.R.D. at 219 (citing *Nat'l Hockey League*, 427 U.S. at 643 & *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 386 (2d Cir. 1981) for the proposition that "Rule 37 sanctions may be applied both to penalize conduct that warrants sanctions and to deter those who might be tempted to use such conduct in the absence of such a deterrent").

Sanctions may include those listed in Rule 37(b)(2)(A)(i)-(vii). Included as sanctions are the remedies of preclusion of proof against the disobedient party, striking pleadings, dismissing part of its actions or defenses, and rendering a default judgment against a disobedient party. FED. R. CIV. P. 37(b)(2)(A)(ii), (iii), (v), & (vi). Yet the imposition of a sanction should be "just" and "commensurate with the non-compliance." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007). Similarly, under FED. R. CIV. P. 37(b)(2)(C), if a motion made pursuant

to Rule 37(a) to compel disclosure is granted, or the disclosure is provided after the motion is filed, the court shall award reasonable expenses incurred in making the motion, including attorney fees. Despite this strong language, sanctions are not appropriate if the motion was filed without the movant first making a good faith effort to obtain the disclosure, or late disclosure was substantially justified, or circumstances make the award of expenses unjust.

The imposition of sanctions under Rule 37 is within the discretion of the court. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994); *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990); *LeGrande v. Adecco*, 233 F.R.D. 253, 256-57 (N.D.N.Y. 2005). "Before imposing sanctions the court may consider: (1) the history of the party's failure to comply with court orders; (2) whether the party violating the order was given ample time to respond; (3) the effectiveness of alternative sanctions; (4) whether the non-complying party was warned and given an opportunity to argue the impending sanctions; (5) the prejudice to the adversary caused by the failure to comply; (6) whether the document at issue would normally be readily obtainable; and (7) the extent of the party's personal responsibility." *Adelman v. Hobbie*, 2006 WL 2639359, at *3 (N.D.N.Y. Sept. 13, 2006) (citing, *inter alia, Momah v. Messina Mem'l Hosp.*, 1998 WL 129045, at *5 (N.D.N.Y. Mar. 6, 1998)).

In reviewing the above factors, I find that Plaintiff's counsel has, through willful neglect, disobeyed the discovery Orders of this Court. Discovery is an integral part of the litigation process and cannot simply be ignored. Plaintiff's counsel provides no excuse as to why the discovery materials requested were not produced in a timely manner, and in fact have never been produced. Defendant's counsel has dutifully pursued discoverable information that could aid in his client's defense, and has been thwarted at every turn by the conduct of Plaintiff's counsel.

In light of this conduct and the absence of any explanation whatsoever from the Plaintiff's side, there is no question that attorney fees are appropriately awarded in this case. Defendant's counsel has attempted in good faith to resolve this matter without the need for the present motion, to no avail. The Court itself has counseled Plaintiff' attorney of the need to file responses to the discovery demands, and has granted extension after extension, and still, even today, there has been no compliance. While other more severe sanctions are certainly available, it is hoped that the coercive effect of a monetary sanction will spur Plaintiff and her counsel into appropriate action. In this regard, the Court looks directly to the conduct of attorney Asch,[2] as he accepted fault for the delay and assured the Court that responses would be provided. His failure to comply with the Court's directive is wholly unjustified and warrants a fee award directly against him. *Mantell v. Chassman*, 512 F. App'x 21, 24 (2d Cir. 2013) (upholding fee award against Plaintiff's counsel). Finally, the Court is unaware of any other circumstances which would make an award of attorney's fees in this case unjust.

Before a court may impose a sanction under Rule 37, or any kind of sanction, the court must provide notice and an opportunity to be heard. *Id.* 512 F. App'x at 23. The notice requirement "mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense." *Id.* The present Motion provides notice of both the authority for the sanction, Rule 37, as well as the basis for the

---

[2] In the Court's view, the present imposition of attorney's fees will promote compliance with Court orders, while not critically impacting the Plaintiff's claim. However, in the event that further sanctions are warranted, such sanctions will, in all likelihood, impact, and possibly extinguish, that claim. Because Plaintiff's counsel has accepted full responsibility for the non-compliance, it is unclear whether Plaintiff herself is on notice of this dire situation. Accordingly, Plaintiff's counsel is directed to immediately serve a copy of this Decision and Order on his client and to file an affidavit of such service on the Court's Docket.

claim of attorney's fees, and therefore provides all the notice that is due. *See Martin v. Giordano*, 2016 WL 4411401, at *4 (E.D.N.Y Aug. 18, 2016).

Having determined that an award of costs and attorney's fees is warranted under Rule 37(a)(5)(A), the Court must now determine the appropriate amount to award. In this Circuit, fee awards are governed by *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany,* 522 F.3d 182, 183-84 (2d Cir. 2008). Under *Arbor Hill,* a court must first consider whether the rates at which compensation is sought are those that a "reasonable, paying client would be willing to pay" before multiplying that figure by the number of hours expended. *Arbor Hill*, 522 F.3d at 190-91; *see also Lewis v. City of Albany Police Dep't*, 554 F. Supp. 2d 297, 298 (N.D.N.Y. May 20, 2008) ("Attorney's fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours.").

The Court accepts as reasonable the rate of $300 per hour for an attorney of the caliber and qualifications of Attorney Howley. *See* Dkt. No. 32-7; *see also Legends Are Forever, Inc., v. Nike Inc.*, 2013 WL 608461, at *4 (N.D.N.Y. 2013) (awarding $350.00 per hour for partner time). The Court also accepts the 5.9 hours spent from June 27, 2017 to the present for the preparing for and attending the pre-motion conference, and preparing the Motion to Compel. Dkt. No. 32-6. Thus, the Court awards costs and fees on the Motion as against Plaintiff's counsel in the amount of $1770.00.

In light of the foregoing, it is hereby

**ORDERED,** that the Defendant's Motion to Compel is in all respects **GRANTED**, and Plaintiff shall provide complete responses to all the outstanding interrogatories and discovery demands within thirty days of the filing date of this Decision and Order, and the Plaintiff is

specifically warned that the failure to provide such responses may result in further sanctions including the dismissal of her Complaint; and is further

**ORDERED,** that Defendant Alfred Castro Tecson is hereby awarded, and Plaintiff's counsel Marc Asch is hereby directed to pay, within sixty days of the filing date of this Decision and Order, the sum of $1770.00 representing costs and attorney's fees associated with having to bring and argue the Motion to Compel discovery. This monetary sanction shall be born by Attorney Asch and not by his client; and is further

**ORDERED**, that Attorney Marc Asch shall serve a copy of this Decision and Order upon his client and file a certificate of such service on the Court's docket.

Pursuant to FED R. CIV. P. 72(a), the parties have fourteen (14) days within which to file written objections to the foregoing discovery order. Such objections shall be filed with the Clerk of the Court. As specifically noted in Rule 72(a) "[a] party may not assign as error a defect in the order not timely objected to."

**SO ORDERED**.

Date:   April 19, 2017
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge