**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROSEBELLE VILLAHERMOSA CARTIN-ENARIO,

        Plaintiff,

  - v -            Civ. No. 1:15-CV-0710
                  (GLS/DJS)

ALFRED CASTRO TECSON,

        Defendant.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF MARC A. ASCH<br>Attorney for Plaintiff<br>The Barrister Building<br>137 North Park Street, Suite 201B<br>Kalamazoo, MI 49007 | MARC A. ASCH, ESQ. |
| LAW OFFICES OF JOHN HOWLEY<br>Attorney for Defendant<br>350 Fifth Avenue, 59th Floor<br>New York, NY 10118 | JOHN J.P. HOWLEY, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I. INTRODUCTION AND PROCEDURAL HISTORY

  Familiarity with the underlying facts of this legal malpractice case is assumed. Presently before this Court is the Defendant's Motion, under Rule 41(b) of the Federal Rules of Civil Procedure, seeking dismissal of the Plaintiff's Complaint based upon her failure to prosecute the action and her failure to comply with multiple Court Orders, as well as for costs

and fees. Dkt. No. 37. For the reasons set forth below, is recommended that Defendant's Motion be granted and that the Plaintiff's action be dismissed.

The matter was originally commenced on June 9, 2015. Dkt. No. 1, Compl. On November 2, 2016, after some initial motion practice and after a Uniform Pretrial Scheduling Order was put in place, Dkt. No. 22, the Defendant served upon the Plaintiff comprehensive Discovery Demands and Requests for Interrogatories, Dkt. No. 37-2. When responses were not forthcoming, and good faith efforts to obtain a response had proven fruitless, defense counsel requested a conference with the Court. Dkt. No. 26. At the January 27, 2017 Court conference, Plaintiff's counsel assured his adversary and the Court that responses would be provided soon. In light of the representations of the Plaintiff's counsel, I directed Plaintiff to provide all outstanding discovery by February 10, 2017. *See* Text Minute Entry, January 27, 2017. When this, in fact, did not occur, defense counsel was then forced to file a Motion to Compel on March 1, 2017. Dkt. No. 32.

On April 19, 2017, this Court issued a decision on the Motion to Compel, in which I granted the Motion and imposed costs in the amount of $1770.00 directly against Plaintiff's counsel due to the continued failure to abide by this Court's Orders. Dkt. No. 35, Dec. & Order. In addition to costs, Plaintiff's counsel was directed to serve a copy of the Decision and Order upon his client, with proof to be filed on the Court's docket. *Id.* Further, full responses to the outstanding interrogatories and discovery demands were required to be supplied within sixty days. *Id.* As part of the Decision and Order, the Court specifically

warned Plaintiff **"that her failure to properly respond to the outstanding discovery demands may, and likely will, result in further sanctions being imposed by the Court, which sanctions can include the dismissal of the Plaintiff's Complaint**." Dec. & Order at pp. 4 & 9 (emphasis in the original).

Despite this specific warning from the Court, it appears that Plaintiff did not provide the outstanding discovery by the June 19th deadline. It was at this point that Defendant moved to dismiss the case for failure of the Plaintiff and her counsel to prosecute the action and to comply with this Court's Orders. Dkt. No. 37. That Motion was filed on June 28, 2017.

On July 17, 2017 Plaintiff's counsel wrote to the Court indicating that he had served a copy of the April 19, 2017 Decision and Order on his client on June 1, 2017. Counsel further indicated that he was having difficulty with his client and conveyed his intention to move to withdraw. Dkt. No. 39. In response, this Court directed Plaintiff's counsel to file a Motion to Withdraw before August 10, 2017. Dkt. No. 43, Text Order. Such a motion was never filed. Instead, on August 10, Plaintiff's counsel submitted a one-page letter indicating his attention to remain as counsel. Dkt. No. 44.

As Defendant's Motion was still pending, and in light of Plaintiff's own representation that the long-sought for documents and interrogatory responses would be provided, see Dkt. No. 44-1, Decl. of Cartin-Enario, this Court set up a telephone conference with counsel, which was held on August 18, 2017. At the conference Plaintiff's counsel

once again committed to providing the document discovery and interrogatory responses, and indicated some emails which had apparently had been sent to him from his client, had already been forwarded to defense counsel. Dkt. No. 48, at pp. 5-6. When pressed, however, Plaintiff's counsel acknowledged that no formal responses had ever been provided. *Id.* at p. 5. However, he stated further that "I have just about everything that's been requested. I have hundreds of pages of documents, and we do have answers to the questions. I haven't filed or served them yet, but we're in a different situation than we were before. . . . I think I can expect to be filing a response in the next few days." *Id.* at p. 6.

The Court was very specific with Plaintiff's counsel at this final conference and directed that a supplemental response to the Defendant's Motion be filed within two weeks, and that as part of that response Plaintiff should certify that the discovery demands and interrogatories had been answered. *Id.* at pp. *7-8.* This Court specifically stated to Plaintiff's counsel, in no uncertain terms: "Your assurances to me that it's going to happen mean nothing. So I want these answers responded to. I've already put that in an order which has been disregarded. You can convey my displeasure to your client with regard to that. You tell me now that she's actively engaged. So we will see in your responses in two weeks." *Id*. at p. 8. That two-week period ended on September 1, 2016, and nothing had been received by the Court from Plaintiff.

On September 6, 2017 defense counsel wrote to the Court informing it that he had received no further response to the outstanding discovery demands or the outstanding

interrogatories. Dkt. No. 47. Based upon the long record of noncompliance with Court Orders, defense counsel once again urged the Court to grant Defendant's Motion for Dismissal of the Complaint with prejudice. *Id.*

## II. DISCUSSION

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* N.D.N.Y.L.R. 41.2. "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)). Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)).

In considering whether dismissal is the proper action herein, the Court must consider the following: (1) the duration of Plaintiff's failure to comply with the Court's Orders; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether Defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing

of the Court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Pert v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor alone is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d at 485.

A review of the relevant Rule 41(d) factors leads inevitably to the conclusion that dismissal of this case is warranted. First, the original Decision and Order granting the Motion to Compel was issued on April 19, 2017. More than five months have now elapsed without any compliance with the substance of the Order by the Plaintiff.[1]

Second, Plaintiff and her counsel were specifically on notice that her continued noncompliance could result in the dismissal of her claim. This was done a multitude of times, including in the original Scheduling Order, Dkt. No. 22 at ¶ 6(B); during the many conferences that were subsequently held with the court, Dkt. Nos. 28 & 46; and within the Decision and Order issued on April 19, 2017, Dkt. No. 35, which was admittedly received both by Plaintiff and her counsel, *see* Dkt. No 39, and which was then explained to Plaintiff by her Attorney Marc Asch, Dkt. No. 44-1 ("He explained to me at that time what needed to be done to have a possibility of keeping my case alive.").

Third, it is self-evident that the Defendant cannot defend himself against a serious malpractice allegation without at least basic discovery, and in fact in this case the Plaintiff

---

[1]Plaintiff's Counsel did pay the sanction award. Dkt. No. 39.

hass filed *no* responses to any of the document demands, nor has she replied to *any* of the interrogatory requests. That places Defendant and his counsel in an intolerable situation, and effectively precludes them from defending a particularly damning allegation of malpractice which is now been pending for over two years.

Fourth, this matter has not progressed in any degree despite the substantial efforts of the Court, including numerous conferences and now several written decisions. The discovery deadline that was originally set in this case (March 1, 2017) has long since expired with absolutely no formal discovery having taken place. At all times the Plaintiff has been given an opportunity to correct this deficiency and have her case heard on the merits. She has apparently decided not to do so.

Finally, this Court has considered all other possible sanctions, and in fact has previously imposed a monetary sanction on Plaintiff's counsel for this very noncompliance. All the other efforts utilized by the Court, including granting multiple extensions; holding several conferences on the issue; imposing the aforesaid monetary penalty; issuing new warnings and making sure Plaintiff herself was made aware of this dire situation; and providing a final opportunity to rectify this continuing neglect, have all been for naught. Thus, in the view of this Court, dismissal of the action is now the only appropriate remedy.

In light of the foregoing, it is hereby

**RECOMMENDED**, that the Defendant's Motion to Dismiss under Rule 41(b) be **granted**, based upon the failure of the Plaintiff to prosecute the action and to comply with

the Court's orders, and that such a dismissal be with prejudice, and it is further

**RECOMMENDED**, that in light of the dismissal of the action, that the Defendant's request for monetary sanctions be **denied**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**SO ORDERED**.

Date: October 2, 2017
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge